# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FRANCIS HUBBARD**
   **Address:**
   1198 Last Chance Road
   Troy, KS 66087

                          **Plaintiff,**

v.

**JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS,**
   **Serve:**
   County Clerk
   Jefferson County, Kansas
   300 Jefferson St.
   Oskaloosa, KS 66066

                          **Defendant.**

Civ. No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW**, Plaintiff Francis Hubbard ("Plaintiff" or "Hubbard"), by and through his attorneys of record, and for his Complaint against Jefferson County Board of County Commissioners ("Defendant"), respectfully states as follows:

## JURISDICTION AND VENUE

1. This is an employment case based upon and arising under the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 630(b) and the Kansas Age Discrimination in Employment Act (hereinafter "KADEA"), K.S.A. 44-1111, et. seq..

2. This Court has jurisdiction over Hubbard's ADEA claim pursuant to 28 U.S.C. § 1331.

3. This Court has jurisdiction over Hubbard's KADEA claims pursuant to 28 U.S.C. § 1367 because his KADEA claim is so related to his ADEA claim that it forms part of the same case or controversy.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to Hubbard's claim occurred within this District.

5. This Court may properly exercise personal jurisdiction over Defendant as it has sufficient contacts with and transacts business within the State of Kansas.

## PARTIES

6. Plaintiff Francis Hubbard is a citizen of the United States, presently residing in Troy, Doniphan County, Kansas. At all times relevant to this action, Plaintiff was employed with the Jefferson County Road Department.

7. Defendant Jefferson County Board of County Commissioners is a governmental entity organized and operating pursuant to the laws of the State of Kansas. Defendant may be served with process by service on the County Clerk at 300 Jefferson Street, Oskaloosa, Kansas 66066.

8. At all times relevant to this action, Defendant was an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b) and KADEA, K.S.A. 44-1112(d).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On August 21, 2014, Hubbard timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC").

10. On March 25, 2016, Hubbard received a Notice of Right to Sue from the EEOC via U.S. Mail, and this lawsuit was filed within 90 days of his receipt of the Notice of Right to Sue.

11. On February 23, 2016, Hubbard received a 300-day dismissal letter from the KHRC via U.S. Mail.

12. The aforesaid Charges of Discrimination provided the EEOC and/or KHRC sufficient opportunity to investigate the full scope of the controversy between the parties.

13. Hubbard has satisfied all prerequisites to the institution of this action.

## GENERAL ALLEGATIONS

14. Paragraphs 1 through 13 above are incorporated herein by reference.

15. Hubbard is a sixty-two (62) year old male.

16. Hubbard was employed by Defendant from approximately November 4, 1996 to April 8, 2014.  Hubbard worked in the Jefferson County Road Department as County Road Superintendent from December 2008 until on or about January 26, 2014. From January 26, 2014, until the time of his termination, Hubbard was working as a Road Foreman.

17. At the time of his termination, Hubbard's supervisor was Bill Noll, Public Works Director.

18. Throughout his employment with Defendant, Hubbard successfully performed the requirements of his job and received positive performance reviews and salary increases along the way.

19. Hubbard worked for Defendant without incident until on or about January 26, 2014, when Mr. Noll became Public Works Director.  Shortly after Mr. Noll became Public

Works Director, he began asking employees when they intended to retire or how long they intended to stay in their positions.

20. In the months immediately following Mr. Noll's transition into his role as Public Works Director, several older, long-term employees were either forced to retire or were terminated from their positions.

21. In or around early February 2014, Mr. Noll asked Hubbard when he planned to retire. Hubbard replied that he did not intend to retire for a few more years.

22. On or about April 8, 2014, Mr. Noll informed Hubbard that Defendant was terminating him. Hubbard was not given a reason for his termination; Mr. Noll instead informed him that his termination was "at will." Mr. Noll also told Hubbard, "We don't need a reason."

23. Throughout the over 17 years Hubbard worked for Defendant, he was never written up, never received a negative performance review, and had never been told he was failing to adequately perform his job duties.

24. Defendant advertised Hubbard's position in the newspaper one week following his termination and Defendant hired a younger employee to fill Hubbard's position.

## COUNT I

### Violation under Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* - Age Discrimination

25. Paragraphs 1 through 24 above are incorporated herein by reference.

26. Defendant is an employer within the meaning of the ADEA.

27. Hubbard is over the age of 40. Thus, he is a member of a class of persons protected by the ADEA by virtue of his age.

28. At all relevant times herein, Hubbard was qualified for the Road Foreman position he held while employed by Defendant.

29. Hubbard suffered an adverse employment action when Defendant terminated his employment.

30. Defendant terminated Hubbard's employment because of his age.

31. As a direct and proximate result of Defendant's actions, Hubbard has been deprived of income, as well as other monetary and non-monetary benefits.

32. Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Hubbard, thus justifying an award of liquidated damages.

33. Hubbard is entitled to recover from Defendant reasonable attorneys' fees and court costs.

WHEREFORE, Hubbard requests that the Court enter judgment in his favor and against Defendant for such damages as are fair and reasonable, including back wages and other benefits of employment, pre-judgment interest, future lost wages and benefits of employment, liquidated damages, attorneys' fees and costs, and for such additional relief as may be just and proper under the circumstances.

## COUNT II

### Violation under Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. 44-1111, et. seq. - Age Discrimination

34. Paragraphs 1 through 33 above are incorporated herein by reference.

35. Defendant is an employer within the meaning of the KADEA.

36. Hubbard is over the age of 40.  Thus, he is a member of a class of persons protected by the KADEA by virtue of his age.

37. At all relevant times herein, Hubbard was qualified for the Road Foreman position he held while employed by Defendant.

38. Hubbard suffered an adverse employment action when Defendant terminated his employment.

39. Defendant terminated Hubbard's employment because of his age.

40. As a direct and proximate result of Defendant's actions, Hubbard has been deprived of income, as well as other monetary and non-monetary benefits.

41. Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Hubbard, thus justifying an award of liquidated damages.

42. Hubbard is entitled to recover from Defendant reasonable attorneys' fees and court costs.

WHEREFORE, Hubbard requests that the Court enter judgment in his favor and against Defendant for such damages as are fair and reasonable, including back wages and other benefits of employment, pre-judgment interest, future lost wages and benefits of employment, liquidated damages, attorneys' fees and costs, and for such additional relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims triable by jury herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial.

Dated: June 21, 2016                      Respectfully Submitted,

**OSMAN & SMAY LLP**
/s/ Kathryn S. Rickley
Kathryn S. Rickley      KS # 23211
Matthew E. Osman     KS # 23563
8500 W. 110th St., Ste. 330
Overland Park, KS 66210
mosman@workerwagerights.com
krickley@workerwagerights.com
Tel: (913) 667-9243
Fax: (866) 470-9243

**ATTORNEYS FOR PLAINTIFF**