IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Francis Hubbard,**

        **Plaintiff,**

v.                                               Case No. 16-cv-2444-JWL

**Jefferson County Board of
County Commissioners,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Francis Hubbard filed this lawsuit against the Board of County Commissioners of Jefferson County, Kansas alleging that the County terminated his employment on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Kansas Age Discrimination in Employment Act, K.S.A. § 44-1111 et seq. In February 2018, this court denied the County's motion for summary judgment. The trial of this case is set to begin on April 9, 2018. This matter is now before the court on the parties' motions in limine (docs. 72, 73). As set forth below, those motions are granted in part, denied in part, and retained under advisement in part.

As a threshold matter, several of the issues raised by plaintiff are unopposed by defendant and, accordingly, each of those issues may be granted on that basis. Specifically, **plaintiff's motion in limine Nos. 4, 5, 7, 10, 13 and 14 are all granted and are applied to both parties**. The court turns, then, to those issues that are disputed by the parties.

*Anecdotal Evidence of Discrimination and Nondiscrimination (Plaintiff's No. 1 & 9 and Defendant's Motion in Limine)*

The parties dispute whether and to what extent circumstantial evidence of discrimination or nondiscrimination experienced by other employees is relevant and admissible at trial. In his motion, plaintiff seeks to exclude evidence that this court granted summary judgment on the age discrimination claim of Debra Miller, another employee who was terminated by Mr. Noll. Plaintiff also seeks to exclude evidence that Mr. Noll hired older employees and evidence that older employees believed that Mr. Noll did not and does not discriminate against older employees. Defendant, on the other hand, seeks to exclude "pattern and practice" evidence; the testimony of witnesses, including Debra Miller, who purport to have knowledge about age discrimination experienced by other employees or personal knowledge about alleged discrimination that they have experienced; and specific exhibits identified by plaintiff concerning Debra Miller's employment and a charge of age discrimination filed by Kevin Wynkoop.

The court begins with the broadest category of evidence discussed by the parties—"pattern and practice" evidence. This type of evidence refers to company-wide discrimination and is generally relevant and admissible only when a plaintiff has asserted a pattern and practice claim in the context of a class action. *See EEOC v. TriCore Reference Laboratories*, 849 F.3d 929, 937-38 (10th Cir. 2017); *Daniels v. UPS*, 701 F.3d 620, 632-33 (10th Cir. 2012) (pattern and practice proof not available in private non-class suit alleging individualized discrimination). Plaintiff does not assert a pattern and practice claim in this case and, thus, may not seek to prove

2

the existence of a County-wide pattern of age discrimination. To that extent, defendant's motion is granted.

Nonetheless, it does not appear that plaintiff seeks to present County-wide evidence of discrimination (or that such evidence even exists). In his response to defendant's motion, plaintiff asserts that the evidence he seeks to present is "limited to the Public Works Department and all employees [who were] similarly situated [to plaintiff] because they are in the same protected class and they had the same supervisor." In the next sentence, however, plaintiff asserts that "county-wide evidence is also relevant in this case to the extent the County Commissioners were involved in the treatment of other employees." At summary judgment, however, plaintiff had no evidence that any of the Commissioners acted with discriminatory intent in connection with plaintiff's termination, but only that the Commissioners essentially "rubber stamped" the decision that Mr. Noll had made. In the absence of any evidence that any County Commissioner acted with discriminatory intent, evidence concerning other employment decisions made or approved by the County Commission would not be helpful to the jury in assessing the discriminatory intent of the only person alleged to have acted with such intent—Mr. Noll. *See Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776 (10th Cir. 1999) (in the context of employee discharge cases requiring proof of discriminatory intent, testimony of other employees about their treatment by employer is relevant to the issue of discriminatory intent and provides exception to Federal Rule of Evidence 404(b) which excludes evidence of other acts for the purpose of proving a person acted similarly on other occasions).

The court, then, turns back to plaintiff's assertion that he intends to prove his claim of individualized discrimination in part through anecdotal evidence of age discrimination

3

experienced by other employees who were supervised by Mr. Noll in the Public Works Department. The Tenth Circuit has held that anecdotal evidence of discrimination should only be admitted at trial "if the prior incidences of alleged discrimination can somehow be tied to the employment actions disputed in the case at hand." *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000). To the extent plaintiff seeks to admit evidence that other individuals who were supervised by Mr. Noll experienced alleged age discrimination by Mr. Noll during the same time frame as plaintiff, such evidence would be relevant because it is closely tied to plaintiff's claim. *Id.* at 856; *see Bloomer v. United Parcel Service, Inc.*, 94 Fed. Appx. 820, 825-26 (10th Cir. 2004) (district court properly limited plaintiff to presenting evidence of personal racial animus by individuals who were directly involved in the termination decision). Such evidence includes, but is not limited to,[1] evidence that Mr. Noll asked several employees in the Public Works department, including plaintiff, about their retirement plans and evidence that he terminated the employment of Debra Miller, an older employee in the department. *See Spulak v. K Mart Corp.*, 894 F.2d 1150 (10th Cir. 1990) (no abuse of discretion where district court permitted two other employees to testify about the circumstances under which they left their employment, including one who testified that he was terminated shortly after manager

---

[1] Defendant asserts that there is no evidence that Mr. Noll ever asked Allen Lowrance, Robert Poje or Kevin Wynkoop—names that appear on plaintiff's final witness list—about their retirement plans and, that, accordingly, the testimony of these witnesses cannot be tied to plaintiff's circumstances. Defendant reads the Circuit's opinion in *Heno* too narrowly. The testimony of these witnesses will be deemed relevant if it tends to support the inference that Mr. Noll acted with discriminatory intent based on plaintiff's age and the testimony of those witnesses need not be perfectly aligned with plaintiff's circumstances. The requisite link here is satisfied so long as the witness was supervised by Mr. Noll during the same time frame as plaintiff and can testify to facts suggesting that Mr. Noll treated older employees less favorably than younger employees.

4

asked him about retirement plans and that the grounds for his termination were invalid), *citing with approval Stumph v. Thomas & Skinner, Inc*., 770 F.2d 93, 97 (7th Cir. 1985) (evidence that two other older employees had retired earlier than they had planned as a result of their treatment by supervisor was probative of discriminatory intent)).  The court rejects defendant's argument that Ms. Miller should be prohibited from testifying about Mr. Noll's treatment of her because this court granted summary judgment on her age discrimination claim.  A ruling that no reasonable jury could find in Ms. Miller's favor on her claim of age discrimination does not mean that Ms. Miller has no relevant testimony to support plaintiff's claim, including testimony about her first-hand observations of Mr. Noll's treatment of older workers.  Moreover, Ms. Miller may certainly testify about her own experiences with Mr. Noll despite this court's summary judgment ruling, for Ms. Miller, for whatever reason, may be able to marshal more or different evidence than she did at the summary judgment stage.  This aspect of defendant's motion, then, is denied.

None of these witnesses, however, will be permitted to testify as to their belief that Mr. Noll took any action or made any remark because of the age of the witness.  Under Rule 701, opinion testimony by lay witnesses is permissible if it is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.  Fed. R. Evid. 701.  As explained by another district court, "[i]n applying Rule 701(b) to testimony regarding an employer's motivations, courts have held that a witness's opinion as to the defendant's ultimate motivations will often not be helpful within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as

5

to whether or not the defendant was motivated by an impermissible animus." *See Connearney v. Main Line Hosps.*, 2016 WL 6569326, at *4 (E.D. Penn. Nov. 4, 2016) (citations and quotations omitted). Just as the court recognized in *Connearney*, the jury in this case will hear testimony about statements made by Mr. Noll concerning retirement plans or behavior by Mr. Noll from which the witnesses apparently drew the conclusion that Mr. Noll targeted them because of their age. *See id*. It is therefore not helpful for witnesses to state their ultimate conclusions regarding Mr. Noll's motivation because the jury can draw its own conclusions from observed events or communications that the witnesses describe to it. *See id.*[2]

Of course, to the extent plaintiff presents anecdotal evidence concerning Mr. Noll's treatment of other older employees to prove discriminatory intent, defendant is entitled to present evidence that Mr. Noll treated older employees favorably, including evidence that he hired older candidates for open positions in the department. This portion of plaintiff's motion is denied. But as noted in connection with plaintiff's witnesses, defendant's witnesses on this issue would not be entitled to opine that Mr. Noll did not discriminate on the basis of age. They would be permitted to describe to the jury only the facts that formed the basis for that witness's belief.

The court acknowledges that the admission of evidence concerning other employees carries the potential risk of individual mini-trials, as defendant will surely seek to disprove the suggestion that Mr. Noll discriminated against any other witness on the basis of age.

---

[2] Because Ms. Miller will not be permitted to testify as to her belief that Mr. Noll terminated her employment based on her age, this court's ruling on summary judgment need not be admitted, as defendant concedes in its response to plaintiff's motion. To that extent, plaintiff's motion is granted.

Nonetheless, the court cannot balance the Rule 403 factors on the limited record before it and will reassess those factors during the course of the trial as the specific testimony of each witness is presented. Similarly, the court will reserve ruling on defendant's objections to specific exhibits relating to these witnesses until defendant raises a contemporaneous objection at trial.

*Evidence Concerning Metadata (Plaintiff's No. 2)*

At trial, plaintiff intends to introduce evidence of the underlying metadata for two Word documents produced by the County during discovery, including the memorandum authored by Mr. Noll in support of his decision to terminate plaintiff's employment. Plaintiff seeks to preclude the County from "contradicting or questioning the authenticity or information" contained in the metadata produced by it. In response, the County contends that it is plaintiff's burden under Federal Rule of Evidence 901(a) to produce evidence sufficient to support a finding that the item is what the proponent claims it is such that the County can challenge plaintiff's evidence on that issue. While this issue is retained under advisement subject to being raised contemporaneously at trial, the County is cautioned that, unless the County has a good faith basis to question the authenticity of the information that its counsel provided to plaintiff's counsel during discovery, plaintiff will be entitled to rely on the information produced by the County and the County will not be permitted to suggest to the jury that the metadata is other than what it purports to be.

*Language of Employee Handbook Relating to "At Will" Employment (Plaintiff's No. 3)*

Plaintiff seeks to preclude the County from referring to language in the County's employee handbook and other documents relating to the County's ability to terminate an employee "at will." According to plaintiff, this language is not relevant in the absence of a contract claim and has no bearing on plaintiff's age discrimination claim because the County is not permitted to discriminate on the basis of age regardless of whether plaintiff was an "at will" employee. Although plaintiff appropriately disclaims any intention to pursue a breach of contract theory, which was not preserved in the Final Pretrial Order, and although plaintiff's at-will status is no defense to age discrimination, that does not end the inquiry. At the summary judgment stage, plaintiff suggested that the County's progressive discipline policy entitled him to several warnings prior to termination and that the County's failure to provide him with a warning consistent with that purported policy was evidence of pretext. To the extent that plaintiff intends to pursue that theory at trial and to suggest that the County's failure to follow its policies constitutes evidence of pretext, then the County will be entitled to present evidence, including the at-will employment language, that plaintiff was not entitled to any warning prior to termination. Accordingly, the motion is denied without prejudice to raising the issue again at trial should the County attempt to use the "at will" language for some other purpose.

*Testimony from Undisclosed Experts (Plaintiff's No. 6)*

Plaintiff moves to exclude the testimony of any non-disclosed expert witness. In response, the County asserts that it does not intend to call any expert witnesses or to offer any expert opinions. To that extent, the motion is granted as unopposed. However, to the extent the

8

County seeks to offer *lay* opinion testimony under Federal Rule of Evidence 701, the motion is denied without prejudice to making a contemporaneous objection at trial.

*Criticisms of Plaintiff Not Considered by Mr. Noll (Plaintiff's No. 8)*

Plaintiff moves to exclude evidence of any criticisms of plaintiff's work performance that were not relied upon by Mr. Noll in deciding to terminate plaintiff's employment. Of course, Mr. Noll may not rely at trial on criticisms he did not rely on in making his decision. But, the court agrees with the County that this aspect of plaintiff's motion should be resolved at trial in the context of a specific line of questioning presented to a witness. This issue, then, is retained under advisement and counsel for the County must give opposing counsel and the court notice of the County's intent to offer such evidence so that the court can rule. That having been said, if plaintiff seeks to present evidence to the jury that no one criticized plaintiff's performance until Mr. Noll became his supervisor, then the door will be opened and the County will be permitted to present evidence of criticisms of plaintiff's performance prior to the time that Mr. Noll became his supervisor regardless of whether Mr. Noll relied on those criticisms in making the decision to terminate plaintiff's employment.

*Allegations or Claims Contained in Pleadings (Plaintiff's No. 11)*

Plaintiff moves to exclude evidence of any allegations or claims set forth in the pleadings. This aspect of plaintiff's motion is denied without prejudice to the making of a contemporaneous objection at trial. The court agrees with the County that factual matters contained in pleadings are generally relevant and admissible as party-admissions or for

9

impeachment purposes. However, it is generally inappropriate and unhelpful to ask a party to explain "legalese" utilized in a pleading or legal conclusions drawn in a pleading and so, under the provision of Federal Rule of Evidence 403, such is not permitted.

*Impugning the Integrity or Motivations of Plaintiff or Plaintiff's Counsel (Plaintiff's No. 12)*

Plaintiff moves to exclude evidence or remarks that disparage the integrity of plaintiff or plaintiff's counsel. The County has no objection with respect to disparagement of plaintiff's counsel (so long as plaintiff's counsel is similarly precluded from impugning the integrity of defense counsel) and, accordingly, the motion is granted as to disparagement of counsel for both parties. The County, however, contends that evidence concerning the integrity and motivations of plaintiff is relevant and admissible. The court agrees that evidence concerning the integrity and motivations of plaintiff may be relevant and admissible so long as that evidence is tied to an issue in this case and is not a mere attack on character. This aspect of the motion, then, is denied without prejudice and plaintiff must raise a contemporaneous objection at trial.

*Witnesses Not Listed in the County's Rule 26 Disclosures (Plaintiff's No. 15)*

Plaintiff seeks to preclude the County from calling to testify at trial 16 witnesses who are named in the County's final witness list but were never identified in the County's Rule 26 disclosures. The motion is denied to the extent that any of these witnesses are listed on plaintiff's final witness list. *See* Amended Trial Order, Doc. 66 ("Witnesses . . . disclosed by one party may be called or offered by any other party."). The County represents that the remainder of plaintiff's motion involves 6 witnesses who, according to the County, were

10

identified in April 2017 through interrogatory responses or in June 2017 through deposition testimony such that any failure to identify these witnesses in its Rule 26 disclosures is harmless and results in no prejudice to plaintiff.

There are two Federal Rules of Civil Procedure that are relevant here. First, Rule 26(a) requires parties to identify potential witnesses in their initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Second, Rule 37(c) states that, if a party fails to identify a witness as required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The "seminal Tenth Circuit case that addresses Rule 26(a) violations is *Woodworker's Supply, Inc. v. Principal Mutual Life*, 170 F.3d 985 (10th Cir. 1999)." *See Gale v. Uintah County*, ___ Fed. Appx. ___, 2017 WL 6397733, at *4 (10th Cir. Dec. 15, 2017). In that case, the Circuit established four factors that should guide the district court's discretion in assessing whether a Rule 26(a) violation is justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993.

On this record, the court cannot evaluate the factors identified by the Circuit in *Woodworker's Supply*. The record does not reflect who the witnesses are; whether the County actually intends to call those witnesses; what the substance of each witness's testimony is; and what the circumstances are surrounding the identification of the witness during discovery. This issue, then, is retained under advisement and counsel for the County must give opposing counsel

11

and the court notice of the County's intent to call any witness who was not disclosed under Rule 26(a) and who does not appear on plaintiff's final witness list so that the court can rule on the objection in a timely fashion applying the standards set forth above.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion in limine (doc. 72) is granted in part; denied in part; and retain under advisement in part; and defendant's motion in limine (doc. 73) is granted in part; denied in part; and retain under advisement in part.

**IT IS SO ORDERED.**

Dated this 4th day of April, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge