# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Francis Hubbard,**

        **Plaintiff,**

**v.**                                                      **Case No. 16-cv-2444-CM**

**Jefferson County Board of**
**County Commissioners,**

        **Defendant.**

## **MEMORANDUM & ORDER**

Plaintiff Francis Hubbard filed this lawsuit against the Board of County Commissioners of Jefferson County, Kansas alleging that the County terminated his employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. § 44-1111 et seq. Plaintiff's claim was tried to a jury beginning April 9, 2018. On April 13, 2018, the jury returned a verdict in favor of plaintiff. Specifically, the jury found that the County terminated plaintiff's employment based on his age; awarded plaintiff lost wages in the amount of $69,827.08; awarded plaintiff $2000.00 in compensatory damages for emotional distress; and found that the County's conduct was willful. In light of the jury's finding that the County's discrimination against plaintiff was willful, the court included in the judgment liquidated damages in the amount of $69,827.08. *See* 29 U.S.C. § 216(b) & 626(b).

While the jury was deliberating, the court held a brief evidentiary hearing concerning plaintiff's claim for equitable relief in the form of front pay. Front pay is "simply money

awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement" to make the plaintiff whole. *McInnis v. Fairfield Communities, Inc*., 458 F.3d 1129, 1145 (10th Cir. 2006). The amount of front pay, if any, is within the court's discretion. *Id*. In determining whether front pay is warranted, and if so, how much, the court is to consider the following factors:

> work life expectancy, salary and benefits at the time of termination, any potential increase in salary through regular promotions and cost of living adjustment, the reasonable availability of other work opportunities, the period within which the plaintiff may become re-employed with reasonable efforts, and methods to discount any award to net present value.

*Whittington v. Nordam Grp. Inc*., 429 F.3d 986, 1000–01 (10th Cir. 2005). In formulating a front-pay award the district court may consider all evidence presented at trial concerning the individualized circumstances of both the employee and employer, but it must avoid granting the plaintiff a windfall. *Id*.

In resolving plaintiff's claim for front pay, the court is bound by the jury's findings on common determinations of fact. *See Smith v. Diffee Ford-Lincoln-Mercury, Inc*., 298 F.3d 955, 965 (10th Cir. 2002) ("[W]hen legal and equitable issues to be decided in the same case depend on common determinations of fact, such questions of fact are submitted to the jury, and the court in resolving the equitable issues is then bound by the jury's findings on them."); *Ag Servs. of America, Inc. v. Nielsen*, 231 F.3d 726, 730 (10th Cir. 2000) (Seventh Amendment prohibits court, in resolving equitable claims, from reaching a conclusion that is contrary to the jury's determination of factual issues central to the claim). By awarding plaintiff the full amount of his claim for back pay, the jury clearly rejected the County's mitigation defense and implicitly found that plaintiff would not have retired from the County prior to the date of judgment and

would have remained employed by the County at least until the date of trial.[1] The court, then, is bound by the jury's determination that plaintiff acted reasonably in accepting his job with Doniphan County and in rejecting the County's "offer" to demote plaintiff to an equipment operator position in lieu of termination and that plaintiff would have been employed by the County at least until the date of trial.

In light of the jury's rejection of the County's mitigation defense and its conclusion that plaintiff would not have retired from the County prior to the date of judgment, the court's resolution of the front pay claim is fairly straightforward. At the evidentiary hearing, plaintiff asked the court for an award of $7,017.90. That request was calculated by subtracting plaintiff's weekly wage at his current employer ($807.89) from his weekly wage at the County ($1000) and then taking the difference of $192.11 multiplied by approximately 37 weeks—the number of weeks from the date of trial until the end of this calendar year, when plaintiff testified that he intended to retire. While the County countered at the hearing that plaintiff did not mitigate his damages, the court rejects that argument because the jury rejected that defense. The County did not challenge plaintiff's evidence that he intended to retire at the end of this year. Thus, in light of the jury's conclusion that plaintiff would have remained employed by the County at least until the date of trial, the court finds it credible—and finds no evidence indicating otherwise—that plaintiff would have remained employed at the County for additional 9 months beyond that

---

[1] Instruction No. 18 advised the jury that it could award damages for lost wages and benefits "through the date of your verdict or through the date you find he would have retired from his employment with defendant, whichever date is earlier." Instruction No. 19 advised the jury that it could not compensate plaintiff for any portion of his damages resulting from his failure to make reasonable efforts to reduce his damages.

date. In sum, the court finds that the requested amount of $7,017.90 in front pay damages is reasonable and will make plaintiff whole.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff is granted judgment against the defendant in the amount of $7,017.90 in damages for front pay and the judgment entered on April 13, 2018 will be amended to reflect this amount.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2018, at Kansas City, Kansas.

/s/ Carlos Murguia
Hon. Carlos Murguia
United States District Judge